Filed 6/23/15  P. v. Costello CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PERCEL COSTELLO,<br><br>    Defendant and Appellant. | A143610<br><br>(Alameda County<br>Super. Ct. No. CH-47551) |

Appellant, Percel Costello, appeals from the order of the Alameda County Superior Court denying his postjudgment motion to reduce the restitution fine imposed. His court-appointed counsel has filed a brief raising no legal issues and requesting this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 "and/or" *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).

Assigned counsel declares that he has written appellant at his last known address and advised him that a *Wende* brief would be filed in his case and that he may personally file a supplemental brief within 30 days of that filing raising any issues he wishes to call to the court's attention.  (*Wende* brief at p. 7.)  Appellant did not file a supplemental brief.

**FACTS AND PROCEEDINGS BELOW**

On February 22, 2010, pursuant to a plea bargain, appellant entered a no contest plea to a single count of burglary (Pen. Code, § 459)[1] and admitted one prior conviction

---

[1] All subsequent statutory references are to the Penal Code.

1

within the meaning of the Three Strikes Law (§§ 667, subd. (e), 1170.12, subd. (c)). Consistent with the plea bargain, appellant was on March 15, 2010, sentenced to state prison for 12 years.[2] The court also imposed a restitution fine in the amount of $2,400 (§ 1202.4, subd. (b)) and suspended imposition of a parole revocation restitution fine (§ 1202.45) also in the amount of $2,400.

More than three years later, on June 10, 2014, appellant filed a pro. per. motion seeking reconsideration of his ability to pay the $2,400 restitution fine. In a declaration and memorandum of points and authorities, appellant claimed the sentencing court erroneously failed to conduct a restitution hearing and he was now "completely unable to satisfy the court's restitution order." In his declaration, appellant explained that "[p]rior to having been re-classified due to my medical restrictions,[3] I was working in the institution where I resided, and I was then able to pay-down my restitution by $893.01. . . . [¶] Because of the changes in my physical condition, I am no longer able to work while incarcerated; and upon my release, I will be on a limited fixed income as a veteran, which is not nearly sufficient for me to sustain the necessities of life, especially given my progressive debilitating condition which require[s] me to pay for additional medical items not covered by the VA Bill. [¶] In calculating food, shelter, clothing, and other bills; I am indigent and cannot foresee any means to sustain ordinary things needed to survive."

On August 4, 2014, the trial court denied the motion to reconsider on the ground that it had "no jurisdiction to modify the restitution fine because criminal proceedings have concluded and the judgment is final," citing, inter alia, *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208, "[s]ince the trial court lacked jurisdiction to modify the restitution fines, its order denying defendant's motion requesting the same did not affect

---

[2] As appellant's counsel acknowledges and will be seen, the facts regarding the offense to which appellant entered his plea are not relevant to the postconviction order appellant complains of.

[3] As stated in his memorandum of points and authorities, appellant, who was then 64 years of age, is a " 'diabetic patient with peripheral neuropathy on bilateral feet.' "

his substantial rights and is not an appealable postjudgment order." In its written ruling, the court rejected appellant's claim that his sentence is excessive and therefore unauthorized, noting that " '[A] sentence is generally "unauthorized" where it could not lawfully be imposed under the circumstances in the particular case.' (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Here, the law allows for imposition of a restitution fine in the amount of $10,000. Thus, the sentencing court's imposition of a $2,400 restitution fine is not an unauthorized [sentence]." For this reason, the court denied appellant's request for a hearing on his motion.

## DISCUSSION

As counsel for appellant acknowledges, *Serrano*, *supra*, 211 Cal.App.4th 496, which involved an appeal from the denial of a postconviction motion challenging the sufficiency of the admonitions the defendant received regarding the immigration consequences of his plea, held that *Wende* review is limited to the defendant's first appeal as of right from a criminal conviction (*Serrano*, at p. 503), and is therefore unavailable in a case such as this.

Appellant's assigned counsel urges us to consider two possible ways of providing limited review of the trial court's non-appealable postjudgment order. The first is to exercise our "inherent discretion to treat the appeal as a petition for extraordinary writ relief." (*In re M.R.* (2013) 220 Cal.App.4th 49, 65.)

The second is to employ the procedure authorized by the Supreme Court in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), as prescribed in *Serrano*. According to *Serrano*, where counsel has not raised any legal issues in an appeal from a postconviction proceeding, the applicable procedure is that authorized in conservatorship proceedings by the California Supreme Court in *Ben C.* As stated in *Ben C.*, "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Id.* at p. 544.) In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief."

3

(*Id.* at p. 544, fn. 6.)  Finally, while the appellate court may dismiss an appeal arising out of a Lantermin-Petris-Short conservatorship proceeding that presents no arguable issues, an appellate court has discretion to nevertheless retain the appeal and independently review the record.  (*Ibid.*)

Anticipating we may decline to conduct *Wende r*eview or treat the matter as an extraordinary writ, assigned counsel urges us "to conduct the level of review prescribed in *Ben C*., including affording appellant the opportunity to file a supplemental brief."

We decline to conduct *Wende* review of the postconviction order or to treat this matter an as an extraordinary writ because the trial court's purely legal conclusion that it lacked jurisdiction, which eliminated appellant's right to an evidentiary hearing, is so manifestly correct, supported by sufficient evidence and dispositive that no purpose would be served by further review of the record by this court.  Moreover, as a practical matter, appellant has already received the benefit of the procedure authorized by the Supreme Court in *Ben C*.  Assigned counsel has informed the court he found no arguable issues to be pursued on appeal, has filed a brief setting out the applicable facts and the law, and has provided appellant a copy of the brief and informed him that he has the right to file a supplemental brief.

For the foregoing reasons, we decline to accord *Wende* review.  The appeal is dismissed.

4

                                                   _____

                                                   Kline, P.J.

We concur:


_____

Richman, J.


_____

Stewart, J.